UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Stephen Sherman,

                          Petitioner,

                                                            08-CV-2278 (CPS)

    - against -

United States of America,                MEMORANDUM OPINION
                                                       AND ORDER

                          Respondent.

-------------------------------------X
SIFTON, Senior Judge.

Now before this Court is petitioner Stephen Sherman's application to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, petitioner's application is denied.

**Background**

On December 14, 2005, petitioner pleaded guilty to aiding in the fraudulent filing of Eric Hagerbrant's 2001 tax return, in violation of 26 U.S.C. § 7206(2).[1] At petitioner's plea proceeding, he was asked if the tax return he assisted in preparing "falsely reported taxable income of around $470,000, when it should have reported a taxable income in excess of

---

[1] 26 U.S.C. § 7206(2) provides, in relevant part:

    Any person who . . . (2) Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document; . . . shall be guilty of a felony . . .

$2,270,000 and a substantially larger tax due." Petitioner replied affirmatively. Dec. 14, 2005, Plea Tr. at 7. Petitioner further stated that "the tax income of $472,000 was willfully under reported because due to the distribution of income from [Hagerbrant's] corporations which was [sic] sub S corporations, so we took the – we understated – we overstated the expenses and understated the income on the corporation so as to lower Mr. Hagerbrand's [sic] tax burden." *Id*. at 7-8.

On December 14, 2006, petitioner was sentenced to a term of imprisonment of 36 months, the maximum allowed by statute, *see* 26 U.S.C. § 7206, and ordered to pay $702,714.00 in restitution.[2]

On May 28, 2008, petitioner filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Thereafter, this Court issued an Order to Show Cause, directing the government to respond to petitioner's application on or before July 3, 2008, and petitioner to file any reply within 20 days of the government's response. The government responded on June 30, 2008. Petitioner did not file any reply.

## Discussion

Petitioner's sole argument in support of his application reads:

Supreme Court recently changed legal standard by which

---

[2] Judgment was entered on January 9, 2007. An amended judgment, which reflected that interest on the restitution amount would not begin to accrue until 60 days after petitioner's release from incarceration, was entered on March 20, 2007.

>this specific tax crime is prosecuted. The conduct complained of is no longer a crime; the conduct committed is no longer within the purview of the statute. Counsel failed to preserve or forward this argument. It is manifest injustice. A MEMORANDUM OF LAW WILL FOLLOW.

May 28, 2008, Petition, at 2 (capitalization in original). Petitioner never filed the promised Memorandum of Law or named the Supreme Court case to which he referred. Nevertheless, reading petitioner's application liberally, he argues that he is entitled to relief because the conduct for which he was convicted is no longer criminal and because he was denied effective assistance of counsel.

This Court is not aware of any recent Supreme Court decision that would render petitioner's conduct "no longer a crime." As the government notes, however, petitioner may be referring to *Boulware v. United States*, --- U.S. ---, 128 S. Ct. 1168 (2008). *See* Gov't Resp. at 2.

*Boulware* holds that a defendant accused of criminal tax evasion under 26 U.S.C. § 7201 may raise, as a defense, return-of-capital treatment[3] without producing evidence that either he or the corporation intended a capital return when the

---

[3] 26 U.S.C. §§ 301, 316(a) set the conditions for treating certain corporate distributions as returns of capital, nontaxable to the recipient. Where the alleged tax deficiency is based on corporate distributions, a showing that the distributions are returns on capital eliminates the tax deficiency and, thus, any violation of § 7201. *See Boulware*, 128 S.Ct. at 1178.

distribution occurred.  *Id*. at 1172-3.[4]  The Court assumed, but did not decide that Boulware's related conviction under § 7206(1) stood or fell with his § 7201 conviction.  *Id*. at 1178, n.9.

Unlike *Boulware*, there is no dispute in this case that there is a tax deficiency.  Petitioner admitted that he overstated the expenses and understated the income of Hagerbrant's various corporations and that these actions meant that the taxable income on Hagerbrant's 2001 return was significantly under-reported.  *Boulware's* holding, assuming it is applicable to 26 U.S.C. § 7206(2), does not take petitioner's conduct outside the scope of the statute to which he pleaded guilty nor does it render his conduct non-criminal.

To prevail on a claim of ineffective assistance of counsel, petitioner must demonstrate both that his counsel's performance (1) "fell below an objective standard of reasonableness", and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *see also United States v. Campbell*, 300 F.3d 202, 214 (2d Cir. 2002).  To satisfy the "prejudice" requirement in the context of guilty pleas, petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have

---

[4] In so holding, the Supreme Court resolved a split between the Courts of Appeals in favor of the Second Circuit.  *See United States v. Bok*, 156 F.3d 157, 162 (2d Cir. 1998) ("[I]n return of capital cases, a taxpayer's intent is not determinative in defining the taxpayer's conduct").

pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Since *Boulware* did not render petitioner's conduct non-criminal, counsel made no error in not advising petitioner of the approach taken by the defendant in that case.[5]

**Conclusion**

For the reasons set forth above, petitioner's application is denied. Further, petitioner is denied a certificate of appealability because he has not made "a substantial showing of the denial of a constitutional right." *Reyes v. Keane*, 90 F.3d 676, 680 (2d Cir. 1996).

SO ORDERED.

Dated : Brooklyn, New York
        August 19, 2008

By:  /s/ Charles P. Sifton (electronically signed)
            United States District Judge

---

[5] Insofar as petitioner's application could be liberally construed to claim ineffective assistance of counsel based on an alleged failure by counsel at or prior to petitioner's guilty plea, such a claim is time barred. Petitioner's judgment became final on April 3, 2007, meaning any § 2255 petition had to be filed by April 3, 2008. 28 U.S.C. § 2255(f)(1). Petitioner did not file his application until May 21, 2008.